## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEITH A. MILLER, JR., | ) | Case No.: 09-84016 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ----------------------------------- | ) | |
| MARSHALL COUNTY STATE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No.: _____ |
| | ) | |
| KEITH A. MILLER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

*NOW COMES* MARSHALL COUNTY STATE BANK ("Marshall County"), a creditor of the Debtor, pursuant to Sections 727 and 523 of the United States Bankruptcy Code, by and through its attorneys of the VanFleet Law Offices, and for its Complaint to Determine Dischargeability of Debt, hereby states as follows:

### JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C §157 and 1334.

2. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (I), and (J).

3. Venue is proper in this district pursuant to 28 U.S.C. §1408.

4. The Plaintiff Marshall County is a creditor of the Debtor and has standing to bring this cause of action pursuant to §§ 727 and 523 of the United States Bankruptcy Code ("Bankruptcy Code").

## NATURE OF ACTION

5. On or about December 16, 2009, the Defendant Keith A. Miller, Jr. ("Debtor"), filed a Chapter 7 Bankruptcy Petition which, *inter alia*, seeks discharge from a debt claimed by the Marshall County ("Petition"). *See* Petition, filed with this Court on or about December 16, 2009.

6. On or about January 13, 2009, the Debtor executed a Promissory Note with Marshall County for the principal amount of Thirty-Seven Thousand Eight Hundred Eighty-Three Dollars and Thirty-Eight Cents ($37,883.38) ("Promissory Note"). A true and accurate copy of the Promissory Note is attached hereto as Exhibit 1.

7. As security for the Promissory Note, the Debtor executed a Consumer Security Agreement in favor of the Plaintiff Marshall County ("Security Agreement"). A true and accurate copy of the Security Agreement is attached hereto as Exhibit 2.

8. The Security Agreement provides that the Debtor pledged, *inter alia*, the following property as security for the Promissory Note: (*i*) 2003 Yamaha, YFM660R, VIN # JY4AM01YX3C024305 ("2003 Yamaha"); and (*ii*) 1996 Yamaha YFM350X, VIN # JY43GDA08TA141586 ("1996 Yamaha") (collectively "Property"). *See* Exhibit 2.

9. The Security Agreement provides that the Debtor "will not sell, lease, license, or otherwise transfer or encumber the Property without [Marshall County's] prior written consent. *See* Exhibit 2, at p.2.

10. The Security Agreement provides that the Debtor "will keep the Property in [his] possession at the address indicated on page 1 of this Agreement." *See* Exhibit 2, at p.2.

11. The Security Agreement provides that Marshall County does not authorize "any sale or other disposition of the Property," and that the sale or disposition of the Property without the authorization of Marshall County "will violate [its] rights." *See* Exhibit 2, at p.2.

12. The Debtor transferred the Certificates of Title to the Property to Marshall County, and Marshall County properly perfected its secured interest in the Property by having its lien indicated on the Certificates of Title. *See* Certificates of Title, true and accurate copies of which are attached hereto as Exhibit 3.

13. On January 27, 2010, the Debtor appeared for a Meeting of Creditors in this matter.

14. At the Meeting of Creditors, the Debtor testified under oath that within one year of the filing of his Petition, he traded the 2003 Yamaha for another vehicle. The Debtor failed to provide the name or contact information of the individual to whom the 2003 Yamaha was traded. The Debtor also failed to provide the current whereabouts of the 2003 Yamaha.

15. At no time prior to the Meeting of Creditors did the Debtor obtain written consent, or any other type of consent, from Marshall County to trade the 2003 Yamaha.

16. At the Meeting of Creditors, the Debtor testified under oath that within one year of the filing of his Petition, he sold the 1996 Yamaha on Ebay.com. The Debtor failed to provide any details of the alleged sale, including the sale price, the date of the sale, and the name or contact information of the purchaser of the 1996 Yamaha. The Debtor further failed to provide the current whereabouts of the 1996 Yamaha.

17. At no time prior to the Meeting of Creditors did the Debtor obtain written consent, or any other type of consent, from Marshall County to sell the 1996 Yamaha.

18. Marshall County still has a valid and enforceable lien on the Property, as well as on any proceeds or products resulting from the transfer or sale of the Property. *See* Exhibits 1-3.

## **COUNT I**
## **FRAUDULENT TRANSFER OF PROPERTY: §727(a)(2)-(a)(5)**

19. The Plaintiff Marshall County restates and realleges paragraphs 1 through 18 as paragraphs 1 through 18 of Count I as if fully stated herein.

20. Pursuant to Section 727(a)(2) of the Bankruptcy Code, a debtor shall not be discharged if:

> The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed , destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition. *See* 11 USCS §727(a)(2)(A).

21. Within one year before the filing of the Petition, the Debtor with intent to hinder, delay or defraud the Plaintiff Marshall County, transferred, removed, destroyed, mutilated, and/or concealed the sale or other disposition of the Property.

22. Pursuant to Section 727(a)(3) of the Bankruptcy Code, a debtor shall not be discharged if:

> The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case. *See* 11 USCS § 727(a)(3).

4

23. The Debtor Miller has concealed, destroyed, mutilated, falsified and/or failed to keep or preserve recorded information from which the current owner or whereabouts of the Property could be obtained, and such failure is not justified under all the circumstances of this case.

24. Pursuant to Section 727(a)(5) of the Bankruptcy Code, a debtor shall not be discharged if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." *See* 11 USCS § 727(a)(5).

25. The Debtor Miller has failed to satisfactorily explain the details of the sale or other disposition of the Property.

26. Therefore, the Debtor Keith A. Miller, Jr. is not entitled to a discharge under the United States Bankruptcy Code, and his Petition for discharge should be denied.

***WHEREFORE***, for all the foregoing reasons, the Plaintiff Marshall County State Bank hereby prays that this Court enter an Order:

    A. Finding that the Debtor Keith A. Miller, Jr., is not entitled to a discharge under the United States Bankruptcy Code;

    B. Sustaining the Plaintiff's objection to the discharge of the Debtor Keith A. Miller, Jr.;

    C. Denying the Debtor Keith A. Miller, Jr., a discharge under the United States Bankruptcy Code; and

    D. Whatever further, additional, or alternative relief this Court deems just.

## COUNT II
## WILLFUL AND MALICIOUS INJURY TO CREDITOR: §523(a)(4) and (a)(6)

27.     The Plaintiff Marshall County restates and realleges paragraphs 1 through 26 as paragraphs 1 through 26 of Count II as if fully stated herein.

28.     Pursuant to Section 523(a)(6) of the Bankruptcy Code, a debtor will not be discharged from any debt if there has been a willful and malicious injury by the debtor to another entity or to the property of another entity.  *See* 11 USCS § 523(a)(6).

29.     The Debtor's unauthorized transfer of the Property, along with his failure and refusal to provide any information as to the new owners or the current whereabouts of the Property, constitute a willful and malicious injury to Marshall County and the property to which Marshall County holds a secured interest.

30.     Pursuant to Section 526 (a)(4) of the Bankruptcy Code, a debtor will not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  *See* 11 USCS §523 (a)(4).

31.     The Security Agreement executed by the Debtor expressly provides that the Debtor grants Marshall County a secured interest in the Property "and all proceeds and products from the Property."  *See* Exhibit 2.

32.     The Security Agreement defines "proceeds" as "anything acquired upon the sale lease, license, exchange, or other disposition of the Property; any and all rights arising out of the Property, and any collections and distributions on account of the Property."  *See* Exhibit 2.

33.     As a result, Marshall County has a secured interest in, and a right to possession of, any proceeds or products received by the Debtor as a result of the transfer and/or sale of the Property.

34. Therefore, the Debtor Keith A. Miller, Jr., is not entitled to a discharge of his debt to Marshall County under the United States Bankruptcy Code, and his petition for discharge should be denied.

*WHWEREFORE*, for all the foregoing reasons, the Plaintiff Marshall County State Bank hereby prays this Court enter an Order:

    A.    Finding that the Debtor Keith A. Miller, Jr., is not entitled to a discharge of his debt to the Marshall County State Bank;

    B.    Sustaining Marshall County State Bank's objection to the discharge of Keith A. Miller, Jr.;

    C.    Denying Keith A. Miller, Jr. a discharge under the United States Bankruptcy Code for his debt to Marshall County State Bank; and

    D.    Whatever further, additional, or alternative relief this Court deems just.

MARSHALL COUNTY STATE BANK,
Plaintiff,

By: */s/ Joseph B. VanFleet*

Joseph B. VanFleet
VanFleet Law Offices
Associated Bank Building
411 Hamilton Blvd., Suite 2002
Peoria, Illinois 61602
Telephone (309) 672-2200
Facsimile (309) 672-2201
ARDC No.: 6204706
jvanfleet@vanfleetlaw.com